STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 CA 1001

DAVID LACERTE

VERSUS

STATE OF LOUISIANA, DARYL PURPERA, INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY AS LOUISIANA LEGISLATIVE AUDITOR,
STEPHEN STREET, JR., INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AS STATE INSPECTOR GENERAL

*Judgment Rendered:* SEP 2 7 2021

* * * * * * * *

Appealed from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Case No. C654973

The Honorable William A. Morvant, Judge Presiding

* * * * * * * *

| | |
|---|---|
| Jill L. Craft<br>W. Brett Conrad, Jr.<br>Baton Rouge, Louisiana | Counsel for Plaintiff/Appellant<br>David Lacerte |
| Jeff Landry<br>Attorney General<br>Preston J. Castille, Jr.<br>Katia D. Bowman<br>Special Assistant Attorneys General<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee<br>Stephen Street, Jr., individually<br>and in his official capacity as<br>State Inspector General |

* * * * * * * *

BEFORE: THERIOT, PENZATO, AND WOLFE, JJ.

**THERIOT, J.**

This appeal arises from a trial court judgment awarding attorney fees and costs to defendant, Stephen Street, individually and in his official capacity as State Inspector General, following a judgment granting Street's La. C.C.P. art. 971 special motion to strike. For the following reasons, we reverse.

## FACTS AND PROCEDURAL HISTORY

David Lacerte, former Secretary of the Louisiana Department of Veterans Affairs, filed a defamation suit against the State of Louisiana; Daryl Purpera, individually and in his official capacity as Louisiana Legislative Auditor; and Stephen Street, individually and in his official capacity as State Inspector General. Lacerte's defamation claims arose from a joint investigation conducted by the Legislative Auditor and the Inspector General, which culminated in a report published by the defendants via press release. Lacerte alleged that the report and press release wrongfully accused him of criminal conduct, including falsifying public records by providing an inaccurate military biography on the Louisiana Department of Veterans Affairs' website and engaging in questionable hiring, spending, travel, and organizational practices during his tenure with the Department of Veterans Affairs.

The defendants filed a joint special motion to strike pursuant to La. C.C.P. art. 971, which provides in part that "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established a probability of success on the claim." La. C.C.P. art. 971(A)(1). The joint motion sought to dismiss Lacerte's suit for defamation in its entirety, against all defendants in their individual and official capacities, on the grounds that he could not meet his burden of proving a likelihood

2

of success on the merits of his defamation claim. Lacerte opposed the motion and filed an expedited motion to strike, contending that the State of Louisiana and Purpera and Street in their official capacities have no constitutional rights and, thus, are not "persons" entitled to relief under Article 971. Lacerte also asserted that the joint motion was untimely under Article 971(C)(1). By judgment dated May 15, 2019, the trial court denied Lacerte's expedited motion to strike and granted the defendants' joint special motion to strike. Lacerte appealed this judgment, and the defendants answered the appeal.

While the appeal of the May 15, 2019 judgment was pending, Street, individually and in his official capacity as Inspector General, filed a motion for attorney fees and costs pursuant to Article 971(B), which provides that the prevailing party on a special motion to strike shall be awarded reasonable attorney fees and costs. Following a hearing, the trial court signed a judgment on June 22, 2020 in favor of Street, individually and in his official capacity as Inspector General, awarding attorney fees of $58,466.25 and costs. Lacerte filed the instant appeal, arguing that the trial court erred in awarding attorney fees and costs to Street.[1]

On January 4, 2021, this court rendered judgment reversing the trial court's May 15, 2019 judgment. Considering the reversal of the judgment granting the defendants' Article 971 special motion to strike, defendants' answer to the appeal requesting additional attorney fees and costs was denied. See Lacerte v. State, 2019-1401, pp. 18-19 (La.App. 1 Cir. 1/4/21), 317 So.3d 763, 776, writ denied, 2021-00193 (La. 3/23/21), 313 So.3d 272.

The June 22, 2020 judgment now before us on appeal granted Street's motion for attorney fees and costs because Street was a prevailing party on an

---

[1] Street answered the appeal, seeking additional attorney fees and costs for work done on appeal. However, Street later filed a Motion to Withdraw/Dismiss Answer to Appeal, which was granted by this court on June 30, 2021.

3

Article 971 special motion to strike. However, considering our reversal of the trial court's judgment granting the special motion to strike, and the Louisiana Supreme Court's denial of the supervisory writ application, we must reverse the trial court's judgment awarding Street attorney fees and costs pursuant to Article 971(B).[2]

## CONCLUSION

For the reasons set forth herein, the June 22, 2020 trial court judgment in favor of Street is reversed. Street's motion to vacate/dismiss judgment is denied. Costs of this appeal in the amount of $1,551.50 are assessed to Street, in his official capacity as Louisiana Inspector General.

**REVERSED.**

---

[2] On July 19, 2021, Street filed a Motion to Vacate/Dismiss Judgment, requesting that this court vacate or dismiss the trial court's June 22, 2020 judgment with prejudice. In light of our disposition of this matter, Street's motion is denied.